# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIUSEPPE MAROTTA | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| CITY OF BOSTON,<br>Defendant | )<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is an action for declaratory relief and monetary damages brought by corrections officers of the Suffolk County House of Correction against Suffolk County for violations of the Fair Labor Standards Act, 20 U.S.C. § 201 *et seq.* ("FLSA").

### JURISDICTION

2. This court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### PARTIES

3. The Plaintiff, Giuseppe Marotta, is a resident of Saugus, Middlesex County, the Commonwealth of Massachusetts.

4. The Defendant, Suffolk County, is an independent body politic, organized under the laws of the Commonwealth of Massachusetts, located in Boston, Suffolk County, Commonwealth of Massachusetts.

1

## FACTUAL ALLEGATIONS

5. The Plaintiff is employed by the Defendant as a corrections officer at the Suffolk County House of Correction.

6. The Plaintiff and other corrections officers employed by the Defendant are "employees" within the meaning of the FLSA.

7. The Defendant is an "employer" within the meaning of the FLSA.

8. The Plaintiff and other corrections officers employed at the Suffolk County House of Correction are members of a labor organization, AFSCME Council 93, AFL-CIO, Local 419 (the "Union").

9. The Union and the Defendant are parties to a collective bargaining agreement, which sets forth terms and conditions of employment that uniformly apply to corrections officers assigned to the Suffolk County House of Correction, including hourly rates of pay, and circumstances in which officers are entitled to receive overtime pay and the addition of certain premiums to their normal hourly rate of pay (hereinafter, "premium pay").

10. Pursuant the collective bargaining agreement, corrections officers are entitled to receive premium pay for:

11. "Educational Incentives," including $.72 per hour for having attained an associate's degree, $1.20 per hour worked for the attainment of a bachelor's degree; and $1.44 per hour worked for the attainment of a master's degree (Article XIX, Section 3);

12. "Weekend Differential," including $1.00 per hour for all regularly scheduled hours worked between the hours of 11:00 p.m. on Friday and 11:00 p.m. on Sunday (Article XIX, Section 9);

13. "Shift Differential," including $1.05 per hour for all regularly scheduled actual hours worked on a night shift (Article XIX, Section 10);

14. "Public Safety," including $1.30 per hour for employees graded as CO-1, CO-2, and CO-3, and $1.54 per hour for employees graded as CO-4 (Article XIX, Section 11);.

15. The Plaintiff and similarly situated corrections officers are entitled to receive one and one half times their regular rate of pay for hours worked that are defined as overtime hours by the FLSA or the terms of the collective bargaining agreement.

16. In calculating overtime payments due the Plaintiff and other corrections officers entitled to receive premium pay under the collective bargaining agreement, the Defendant does not take into account premium pay to which the Plaintiff and other corrections officers might be entitled under the collective bargaining agreement, but calculates their payments on the basis of their non-premium rates of pay.

17. The Defendant is aware that the foregoing practices violate the FLSA, but have willfully and knowingly continued to violate it, despite demands made by the Plaintiff's employee union that it cease and desist its violations of the FLSA

## COUNT I
## VIOLATION OF 29 U.S.C. § 207
## UNDERPAYMENT OF OVERTIME DUE

18. The Defendant has willfully violated the FLSA by failing to calculate overtime payments for corrections officers on the basis of the premium hourly pay required under the collective bargaining agreement, including, but not limited to, in the manner described above.

19. The Plaintiff and similarly situated employees have been harmed, injured and damaged as a result of the Defendant's violation of the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court enter a judgment:

    a) declaring that the acts complained of herein are in violation of the FLSA and G.L. c. 149, § 148;

    b) awarding the Plaintiff back pay, liquidated damages, and treble damages, costs and attorney's fees, as provided by the FLSA and G.L. c. 149, § 150;

    c) directing the Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

    g) enjoining and permanently restraining these violations of the FLSA and G.L. c. 149;

    h) granting such other and further relief as this Court deems necessary and proper.

4

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

THE PLAINTIFF

By his Attorney,

*[signature]*

Daniel W. Rice
GLYNN, LANDRY,
HARRINGTON & RICE, LLP
10 Forbes Road
Braintree, MA 02184
(781) 849-8479
BBO # 559269

Dated: January 3, 2005