UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GIUSEPPE MAROTTA )<br>Plaintiff )<br> )<br>v. )<br> )<br>SUFFOLK COUNTY, )<br>Defendant )<br> ) | | Civil Action No. 05-10032-MEL |

## DEFENDANT'S ANSWER TO PLAINITIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Now comes Defendant Suffolk County in the above entitled action, who responds to the numbered paragraphs of the First Amended Complaint as follows:

### Introduction

1. This paragraph merely describes the cause of action and does not require an answer.

### Jurisdiction

2. This paragraph merely purports to state the basis for the court's jurisdiction and does not require an answer.

### Parties

3. Defendant is without sufficient information to admit or deny the allegations of ¶ 3.

4. Defendant admits that Suffolk County is a county organized under the laws of the Commonwealth of Massachusetts.

### Factual Allegations

5. Admitted.

6. The allegations of ¶ 6 state a conclusion of law to which no response is required.

7. The allegations of ¶ 7 states a conclusion of law to which no response is required.

8. Defendant admits that AFSCME Council 93, AFL-CIO, Local 419 represents certain corrections officers employed at the Suffolk County House of Correction. Defendant is without sufficient information to admit or deny the remaining allegations of ¶ 8.

9. Defendant admits that it is a party to a collective bargaining agreement with AFSCME Council 93, Local 419, and that the agreement specifies weekly rates of pay, provisions concerning overtime and also provisions for certain differentials in addition to the weekly rates of pay for certain employees.

10. Defendant states that ¶ 10 does not contain any factual averments and does not require a response.

11. Defendant admits that the collective bargaining agreement contains educational incentive differentials for employees with degrees from accredited institutions approved by the Sheriff for all regularly scheduled actual hours worked in the amounts specified in ¶ 11.

12. Defendant admits the allegations of ¶ 12 to the extent the collective bargaining agreement specifies a weekend differential for all regularly scheduled actual hours worked.

13. Admitted.

14. Defendant admits the allegations of ¶ 14 to the extent the collective bargaining agreement specifies the public safety differentials for all regularly scheduled actual hours worked.

15. The allegations of ¶ 15 states a conclusion of law to which no response is required.

16. Defendant is without sufficient information to admit or deny the allegations of ¶ 16. To the extent that this paragraph is referring to the regular rate of pay on which the time and one-half rate for overtime pay is based, Defendant states that upon information and belief, the shift differentials identified in ¶¶ 11-14 are not included in the calculations.

17. Denied.

### Count I, Violation of 29 U.S.C. § 207

18. The allegations of ¶ 18 states a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied.

19. The allegations of ¶ 19 states a conclusion of law to which no response is required. To the extent that a response is required, the allegations are denied.

**Affirmative Defenses**

1. The Complaint fails to state a claim for which relief may be granted.

2. If the plaintiffs have incurred damages, those damages are offset by payments defendant has made.

3. Defendant has at all times acted in good faith and on reasonable grounds.

4. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

5. Plaintiffs are barred from recovery of *de minimis* violations under 29 CFR § 785.47.

6. Defendants actions were not willful.

    Respectfully submitted for
    Defendant Suffolk County
    By its attorney

    /s/ James M. Davin
    _____
    James M. Davin, BBO# 566973
    Deputy General Counsel
    Suffolk County Sheriff's Department
    200 Nashua Street
    Boston, MA 02114
    (617) 989-6679