UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GIUSEPPE MARROTTA, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 05-10032-WGY |
| SUFFOLK COUNTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

| | |
|---|---|
| RCIHARD BROWN, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 05-10188-WGY |
| SUFFOLK COUNTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM AND ORDER

YOUNG, D.J.                                          July 29, 2010

This motion for attorneys' fees follows a settlement agreement between Suffolk County ("Suffolk") and certain unionized correction officers employed by Suffolk (the "Officers").

**I.   INTRODUCTION**

In January of 2005, complaints were filed independently by line officers assigned to the Suffolk County House of Correction,

in <u>Marotta</u> v. <u>Suffolk County</u>, No. 05-10032, and superior officers
assigned to the Suffolk County House of Correction and the
Suffolk County Jail, in <u>Brown</u> v. <u>Suffolk County</u>, No. 05-10188,
against Suffolk alleging violations of the Fair Labor Standards
Act ("FLSA") for failure to calculate hours worked adequately and
compensate for overtime wages.[1]   On November 28, 2007 the actions
were consolidated.   The Officers filed a Motion for Partial
Summary Judgment on November 15, 2007 and trial was set for
January 22, 2008.   While the Motion for Partial Summary Judgment
was pending, a settlement agreement was reached by the parties
and the Officers filed a Stipulation of Dismissal on January 22,
2008.   The agreement entitled the Officers to unpaid wages in an
amount calculated by PriceWaterhouseCoopers for the maximum
limitations period under the FLSA, three years from the date of
each individual officer's filing of consent, and an equal amount
in liquidated damages.   Pls.' Pet. Att'ys' Fees Ex. 2, ECF No.
127.[2]   Those Officers now move to recover attorneys' fees and
costs pursuant to the FLSA's penalty provision, 29 U.S.C. §

---

[1] <u>Marotta</u> was filed on January 6, 2005.   Compl. and Jury
Demand, ECF No. 1.   <u>Brown</u> was filed on January 28, 2005.   Compl.
and Jury Demand, ECF No. 1.   Each was subsequently amended
numerous times to include all presently stated Officers.

[2] Another dispute arose due to Suffolk's further
noncompliance, forcing the parties to enter into a supplemental
agreement safeguarding the Officers' right to seek redress for
future violations of the FLSA by Suffolk.   Pls.' Pet. Att'ys'
Fees Ex. 9.

216(b).  Suffolk, in response, asks this Court to reduce the
amount of fees and costs to which the Officers are entitled.
Opp'n Pls.' Pet. Att'ys' Fees, ECF No. 130.

## II.  DISCUSSION

A prevailing party in an FLSA action is entitled to
reasonable attorneys' fees and costs.  29 U.S.C. § 216(b).  Thus,
the Officers, as prevailing parties[3] under the settlement
agreement, are entitled to reasonable attorneys' fees and costs.

It is well settled that a reasonable amount of fees is
determined pursuant to the "lodestar approach," which involves
calculating "the number of hours reasonably expended on the
litigation multiplied by a reasonable hourly rate."  Gay Officers
Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001)
(quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983));
Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212, 216
(D. Mass. 2004) (applying the lodestar standard to an FLSA
action).  The resulting lodestar figure is presumptively
reasonable, although the Court retains discretionary authority to
adjust the figure upward or downward.  Lipsett v. Blanco, 975
F.2d 934, 937 (1st Cir. 1992).


### A.    The Officers' Request

---

[3] As indicated in the Stipulation of Dismissal, the parties
have agreed that the Officers are entitled to their reasonable
attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).
Stipulation of Dismissal ¶ 3, ECF No. 111.

The Officers requested attorneys' fees, as summarized in the table below, total $446,135.  Pls.' Pet. Att'ys' Fees 19.

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Daniel W. Rice | 1178.57 hours | $375/hour | $441,962.50 |
| Bryan C. Decker | 6.10 hours | $375/hour | $2,622.50[4] |
| Darlene Delaney | 31.00 hours | $50/hour | $1,550.00 |

The Officers also sought an additional $1,418.76 in costs. Id.

**B.    Reasonable Hourly Rate**

This Court will apply an hourly rate in accordance with the prevailing rates in the community considering the qualifications, experience, and competence of the requesting attorneys.  Gay Officers Action League, 247 F.3d at 295.  The party seeking attorneys' fees bears the burden of establishing the reasonableness of the requested rate.  Blum v. Stetson, 465 U.S. 886, 895 n.11 (1984).  In order to satisfy this burden, the requesting party, through affidavits and other satisfactory evidence, must: (1) establish the experience and skill of her attorneys; and (2) inform the Court of the prevailing market rate in the community for similarly situated attorneys.  Mogilevsky, 311 F. Supp. 2d at 216.

---

[4] The Officers requested a fee of $2,622.50 for Attorney Bryan C. Decker, pursuant to his reported 6.10 hours expended on this matter at a rate of $375 per hour.  The total fee upon such a calculation, however, comes to $2,287.50.  See Pls.' Pet. Att'ys' Fees 18.

The Officers requested an hourly rate of $375 for Attorney Daniel W. Rice, lead counsel on this matter, $375 for Attorney Bryan C. Decker, employed to assist in calculating damages for this matter, and $50 for Darlene Delaney, an independent contractor employed to assist in distributing damage awards and recording settlement agreements.  Pls.' Pet. Att'ys' Fees 11, 18-19.

Suffolk disputes the reasonableness of Rice's hourly rate. Opp'n Pls.' Pet. Att'ys' Fees 6.  The Officers, in support of their petition, submit an affidavit by Rice detailing his long and impressive career in employment law.  Pls.' Pet. Att'ys' Fees Ex. 1.  After graduating *cum laude* from Suffolk University Law School in 1991, Rice started as an associate attorney with Mirick, O'Connell, DeMallie & Lougee and later spent three years as an employee-union representative.  Id. ¶ 4.  Presently, Rice is a partner in the firm Glynn, Landry & Rice, LLP, where he has focused his practice for the last fourteen years on representing employees in actions arising from federal and state law.  Id. ¶ 5.  Rice reports obtaining successful recoveries for numerous clients, including in FLSA claims.  Id. ¶¶ 6, 8-9.

The Officers further assert that $375 is the prevailing hourly rate for an attorney of Rice's caliber.  Pls.' Pet. Att'ys' Fees 14.  The Officers proffer an affidavit of Attorney Robert S. Mantell, President of the Massachusetts Employment

Lawyers Association and an attorney with the firm of Rodgers, Powers & Schwartz, LLP, contending that $375 per hour is the prevailing market rate for attorneys with similar experience and skill to Rice.  Pls.' Pet. Att'ys' Fees Ex. 11 ¶¶ 1-2, 6.  Courts have awarded higher or comparable hourly rates in similar employment law matters.  <u>See, e.g.</u>, <u>DiFiore</u> v. <u>Am. Airlines</u>, No. 07-10070, 2010 WL 623635, at *5 (D. Mass. Feb. 18, 2010) (awarding lead attorney in a Massachusetts Tips Law action an hourly rate of $400); <u>Tuli</u> v. <u>Brigham & Women's Hosp., Inc.</u>, No. 07-12338, Mem. and Order Granting Att'ys' Fees, ECF No. 359, at *3-4 (D. Mass. Jun. 8, 2009) (Gertner, J.) (awarding the following hourly rates, in a hostile work environment and retaliation action to attorneys at a large Boston firm: $630-735 for partners, $570-615 for lead counsel, $410-495 for a fourth year associate, $320-385 for a second year associate, and $320 for a first year associate).  In <u>Walsh</u> v. <u>Boston Univ.</u>, 661 F. Supp. 2d 91, 111 (D. Mass. 2009), Judge Stearns awarded the lead attorney in an employment discrimination action an hourly rate of $350 an hour.  <u>But see</u> <u>Mills</u> v. <u>Cabral</u>, No. 06-10133, 2010 WL 2553889, at *1 (D. Mass. June 18, 2010) (Stearns, J.) (awarding, in a similarly situated case against Suffolk, lead attorney $350 per hour for core tasks and $225 per hour for non-core tasks).

Suffolk contends that a rate of $375 per hour is excessive for a small firm located outside of Boston and that Rice

impermissibly billed at this hourly rate for both "core" and "non-core" legal work.  Opp'n Pls.' Pet. Att'ys' Fees 3-4, 6. This Court, although previously distinguishing between the fee apportioned to core and non-core work, no longer recognizes such a distinction.  "[T]he lodestar calculation will yield a presumptively correct result and . . . 'additional tinkering merely serves to double count some factors.'"  Mogilevsky, 311 F. Supp. 2d at 217 (quoting System Mgmt., Inc. v. Loiselle, 154 F. Supp. 2d 195, 209 (D. Mass. 2001)).  At the same time, this Court will not "permit an attorney to recover his 'standard hourly rate . . . for performing tasks appropriate to either a less experienced lawyer or a secretary or paralegal.'"  Mogilevsky, 311 F. Supp. 2d at 217-18 (quoting McMillan v. Mass. Soc. for Prevention of Cruelty to Animals, 140 F.3d 288, 308 (1st Cir. 1998)).  Rice performed many such tasks and frequently failed adequately to identify the nature of the work alleged.  See id.; cf. Williams v. Town of Randolph, 574 F. Supp. 2d 250, 253 (D. Mass. 2008) (noting the problematic nature of "general notations, such as 'research,' 'case law review,' and 'client conference'" in an attorney's billing records).  Accordingly, this Court concludes that a compromised-hourly rate of $350 is reasonable considering Rice's qualifications and performance in this matter, and applies to the reasonable number of hours Rice expended.

Similarly, an hourly rate of $350 is reasonable for Decker.

Although the Officers submit an affidavit of Decker describing his impressive credentials and experience as a partner at Sandulli Grace, P.C., here his work was limited merely to assisting and corresponding with Rice regarding wage calculations.  See Pls.' Pet. Att'ys' Fees Exs. 15, 16 ¶ 4. Thus, the Officers may only recover a fee for Decker's reasonable hours expended at the reduced rate of $350 per hour.

The Officers also request that the reasonable number of hours expended by Delaney, a former legal assistant of Glynn, Landry & Rice, LLP, hired as an independent contractor to assist in the matter, be billed at $50 per hour.  Pls.' Pet. Att'ys' Fees 19.  Suffolk does not dispute this hourly rate and this Court concludes that $50 for a legal assistant is reasonable. See Walsh, 661 F. Supp. 2d at 113 (holding that a rate of $75 per hour is "roughly in line" with rates for legal interns); Guckenberger v. Boston Univ., 8 F. Supp. 2d 91, 107 (D. Mass. 1998) (Saris, J.) (ruling that the prevailing rate for law clerks and paralegals is $40 per hour for core work and $60 per hour for non-core work).

### C.   Hours Reasonably Expended

To finish the lodestar calculation, the Court must determine the hours reasonably expended on this matter.  The attorney seeking fees bears the burden of providing the Court the number of hours expended shown by "detailed contemporaneous time

records" to avoid substantial reduction or, in extreme cases, disallowance of a fee award.  Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984).  The Officers generally have met this burden by providing contemporaneous billing records, see Pls.' Pet. Att'ys' Fees Ex. 5.; however the Court is not "handcuffed by counsel's submission" and will exercise independent judgment in determining the reasonable number of hours devoted.  United States v. Metro. Dist. Comm'n, 847 F.2d 12, 18 (1st Cir. 1988).  The Court will subtract hours that were "unreasonably, unnecessarily, or inefficiently devoted to the case."  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (citing Hensley, 461 U.S. at 434).  This Court reviews only those fees that are contested by Suffolk and, pursuant to a detailed analysis of the billing records, makes the following reductions.

### 1.    Communications Regarding Unrelated Matters

Suffolk asserts that the Officers' inclusion of communications between Rice and Attorney Bradford Louison in their request for fees is unreasonable, as the communications regard an unrelated matter.  Opp'n Pls.' Pet. Att'ys' Fees 4. Louison represents correction officers in a separate FLSA suit against Suffolk, Mills v. Cabral, No. 06-10133.  Because these communications appear to concern a separate suit, or are otherwise insufficiently detailed in the billing summary, this

Court will subtract them from the total number of hours
reasonably spent.  See Pls.' Pet. Att'ys' Fees 10 (describing
Mills as a "similar action brought by corrections officers").
The deductions, as described in the table[5] below, total 5.30
hours.[6]

Table 1: Deductions for Communications Regarding Unrelated
Matters

| Date | Description | Hours Reported | Hours Deducted |
|------|-------------|----------------|----------------|
| 8/23/2005 | Conferred with BPD attorney on related actions involving City of Boston. | .10 | .10 |
| 4/3/2006 | Conferred with ███ about Boston police Case. | .10 | .10 |
| 10/17/2006 | Conferred with counsel for Jail employees (Brad Louison) about facts supporting claims; reviewed records regarding the same. | .40 | .40 |
| 11/9/2006 | Conferred with attorney for Jail employees (Louison) regarding differential and overtime issues. | .40 | .40 |

---

[5] The information contained in this table, and all other
tables below, is based on the Billing Summary submitted by Glynn,
Landry, & Rice, LLP.  Pls.'s Pet. Att'ys' Fees Ex. 5.

[6] Suffolk also asserts that there is a frequency of
communications "with counsel," which must result in a reduction
of attorneys' fees.  Opp'n Pls.' Pet. Att'ys' Fees 4.  This Court
finds numerous entries reporting communications with various
officers (the specific officers' names having been redacted in
the billing summary), however only four entries report general
communications "with counsel."  Accordingly, this Court finds no
reduction necessary for excessive communications "with counsel."

| | | | |
|---|---|---|---|
| 1/12/2007 | Conferred with attorney for Jail employees (Louison) about differential issues. | .20 | .20 |
| 2/9/2007 | Conferred with counsel in related action about liability issues; review of documents regarding the same. | .20 | .10 |
| 2/20/2007 | Conferred with K-9 officer (█████) about facts supporting claim, including seminar and admissions made by Department official; conferred with █████ about differential issues; conferred with Brad Louison about liability issues; researched law regarding the same. | 3.90 | .20[7] |
| 2/26/2007 | Conferred with opposing counsel regarding issues in case; conferred with counsel in related case regarding the same; preparation for conference and meetings. | .70 | .20 |
| 9/13/2007 | Conferred with opposing counsel regarding possible regular rate formula; reviewed proposed stipulation; conferred with █████ regarding the same; conferred with Brad Louison about the same; reviewed practice materials on this issue. | 4.90 | .20 |
| 10/26/2007 | Correspondence with Brad Louison regarding case status. | .10 | .10 |

---

[7] Due to block billing the Court is unable to decipher the exact time devoted to each task.  As a result, the Court used its judgment in apportioning a reasonable number of hours expended for the tasks described and deducted accordingly.

| | | | |
|---|---|---|---|
| 11/16/2007 | Conferred with opposing counsel about related action and remaining disputes; status proposal to submit damage calculation to a special master; conferred with ▉▉▉ regarding the same; review of documents regarding collective bargaining/FLSA interplay; responded to concerns raised by Defendant and clients; conferred with counsel in related action, Brad Louison. | 5.10 | .20 |
| 8/24/2008 | Conferred with clients (▉▉▉▉) about damage summaries and payments; conferred K-9 officers (▉▉▉) regarding the same; conferred with Brad Louison (JOSAC attorney) about resolution. | .70 | .20 |
| 8/17/2009 | Conferred with JOSAC attorney (Louison) about case status, areas of mutual concern. | .20 | .20 |
| 9/29/2009 | Reviewed summaries and release forms for transmission to clients not yet paid; correspondence to opposing counsel with release to client; conferred with Jail union attorney (Louison) about related case; release in light of apparent continued violation. | 1.50 | .20 |
| 10/3/2009 | Conferred with JOSAC attorney about case; conferred with Scott Walker about case resolution. | .20 | .10 |

| 10/8/2009 | Preparation for meeting with JOSAC attorney (Louison) for case settlement issues; review of documents regarding the same; correspondence with him about settlement issues, continuing violations; conferred with client (█████) about payment status. | 2.10 | 2.00 |
|-----------|---|---|---|
| 1/28/2010 | Conferred with counsel in related action about contempt request against Sheriff's Department for failure to pay settlements. | .40 | .40 |
| Total | | 21.20 | 5.30 |

### 2.    Post-Settlement Communications

Suffolk disputes Rice's billable hours for post-settlement "communications," alleging they are patently excessive.  Opp'n Pls.' Pet. Att'ys' Fees 4-5.  Rice, while duty-bound to provide competent and diligent representation to the Officers, has an obligation to exercise "billing judgment" to ensure that a good faith effort is made to exclude excessive or redundant hours from his fee request.  See Hensley, 461 U.S. at 434 ("In the private sector, 'billing judgment' is an important component in fee shifting.  It is no less important here.  Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).  This Court recognizes the importance in keeping clients well informed and that, because of the multitude of clients

involved and length of the litigation, Rice had an increased
burden to do so.   Nonetheless, the number of hours expended on
this task here was excessive.   Rice's billing summary was
"liberally peppered" with notations charging for post-settlement
communications and conferences.   See Dixon v. Int'l Bhd. of
Police Officers, 434 F. Supp. 2d 73, 81 (D. Mass. 2006) (quoting
Wilcox v. Straton Lumber, Inc., 921 F. Supp. 837, 846 (D. Me.
1996)).   Again, because of Rice's block billing, the Court
estimated the time spent on such communications as totaling
244.93 hours, shown in the fourth column of table 2 below.[8]
Further, such notations are frequently redundant and nondescript.
For example, charges are made for both "conferring" with clients
regarding wage summaries and then again for "corresponding" with
clients regarding the same.[9]   As a result, this Court deems that
the total reported hours expended on communications post-
settlement (244.93 hours) shall be reduced by twenty percent, or
48.986 hours.

---

[8] This table, pursuant to Suffolk's argument, only
calculates those post-settlement hours categorized as
"communications" in Rice's billing summary.   Pls.' Pet. Att'ys'
Fees Ex. 5.

[9] As one such example, 3.20 hours is charged for the
following description for the June 16, 2008 billing entry: "Met
with ███ about K-9 calculations and many errors in K-9
calculations; corresponded and conferred with clients (███)
about the same."   Pls.' Pet. Att'ys' Fees Ex. 5 at 67.

Table 2: Hours Expended on Communications Post-Settlement

| Date | Description | Hours Reported | Communication Hours |
|------|-------------|----------------|---------------------|
| 1/19/2008 | Conferred with K-9 officers (███, ███, ███, ███, ███) about settlement agreement; review of documents relating to the same; conferred with ███ and ███ about settlement on differential claims. | 2.60 | 2.00 |
| 1/20/2008 | Conferred with ███ and K-9 officers about resolution, issues relating to the same. | .80 | .80 |
| 1/21/2008 | Conferred with ███ about settlement conditions, concerns about records, and other issues affecting union. | 2.70 | 2.70 |
| 1/27/2008 | Conferred with ███ about memorandum, issues regarding calculations; reviewed and revised memorandum on basis of his comments. | 2.20 | 1.20 |
| 1/28/2008 | Conferred with ███ and opposing counsel about consent and calculation issue; reviewed documents regarding the same. | .60 | .40 |
| 1/31/2008 | Conferred with ███ about consent and payment issues. | 1.20 | 1.20 |
| 2/5/2008 | Conferred with ███ about calculation issue, issues covered in memo. | .30 | .30 |

| | | | |
|---|---|---|---|
| 2/6/2008 | Conferred with ███ and ███ regarding damage calculations and other matters; reviewed documents relative to damages; conferred with opposing counsel regarding PWC calculations. | 2.00 | 1.50 |
| 2/7/2008 | Conferred with ███ and ███ regarding damage calculation; correspondence regarding the same; coordination of information regarding consents and plaintiffs included in action. | 2.40 | 2.00 |
| 2/8/2008 | Conferred with ███ about consent issue. | .10 | .10 |
| 2/14/2008 | Conferred with Captains' union representative (███) regarding resolution, damage calculation. | .80 | .80 |
| 2/15/2008 | Conferred with representatives of Captains union (███) and Local 419 (███) regarding damage calculations, settlement status. | 1.00 | 1.00 |
| 2/20/2008 | Conferred with ███ about consent issue; reviewed documents regarding the same; conferred with opposing counsel about the same. | .50 | .50 |
| 2/21/2008 | Conferred with ███ about consent issue. | .10 | .10 |
| 2/27/2008 | Conferred with opposing counsel regarding plaintiff's case. | .30 | .30 |

| | | | |
|---|---|---|---|
| 2/28/2008 | Conferred with ▮ about payment disputes and consent issues. | .20 | .20 |
| 3/4/2008 | Conferred with ▮ about payment disputes; overtime issues. | .40 | .40 |
| 3/5/2008 | Conferred with ▮ about consent issues. | .20 | .20 |
| 3/12/2008 | Conferred with ▮ about payment and settlement issues. | .40 | .40 |
| 3/18/2008 | Conferred with ▮ and ▮ about payment issues. | .30 | .30 |
| 3/26/2008 | Conferred with opposing counsel and ▮ about consent issue. | .40 | .40 |
| 3/27/2008 | Conferred with ▮ about plaintiffs and wage issues; reviewed documents regarding the same. | .60 | .40 |
| 4/3/2008 | Conferred with ▮ about calculation issues. | .30 | .30 |
| 4/14/2008 | Conferred with ▮ about consent and payment issues. | .20 | .20 |
| 4/16/2008 | Conferred with ▮ about consent issue. | .20 | .20 |
| 4/19/2008 | Conferred with opposing counsel regarding payment; conferred with ▮ about the same. | .40 | .40 |
| 4/23/2008 | Conferred with opposing counsel about non-payment; conferred with ▮ and ▮ about the same; strategized about response. | .50 | .40 |

| 4/24/2008 | Conferred with opposing counsel about class members; conferred with ▆▆ and ▆▆ about damage issues. | .40 | .40 |
|---|---|---|---|
| 4/25/2008 | Conferred with ▆▆ about consent issues; conferred with opposing counsel regarding the same. | .50 | .50 |
| 5/5/2008 | Conferred with opposing counsel about calculations. | .20 | .20 |
| 5/6/2008 | Conferred with ▆▆ about wage summaries. | .20 | .20 |
| 5/7/2008 | Conferred with ▆▆, ▆▆ about wage summaries, other issues. | .50 | .50 |
| 5/8/2008 | Conferred with ▆▆ about wage summaries and settlement terms; conferred with opposing counsel regarding the same. | .40 | .40 |
| 5/9/2008 | Review of calculations provided by opposing counsel. | .20 | .00 |
| 5/10/2008 | Conferred with ▆▆ about PWC report. | .20 | .20 |
| 5/11/2008 | Conferred with ▆▆r about wage calculation controversy. | .10 | .10 |

| | | | |
|---|---|---|---|
| 5/13/2008 | Meeting with ███, ███, and E-Board members from Locals to review records; conferred with opposing counsel; reviewed records for K-9 officers; researched law on precedents in K9 cases; preparation of memorandum regarding the same. | 7.00 | 2.00 |
| 5/14/2008 | Conferred with Attorney Decker about calculations. | .60 | .60 |
| 5/16/2008 | Conferred with ███ about wage summaries; reviewed wage summary. | .30 | .20 |
| 5/18/2008 | Conferred with ███ about calculation dispute. | .20 | .20 |
| 5/19/2008 | Conferred with ███ about wage summaries; review of K-9 spreadsheets sent by opposing counsel. | 1.30 | .90 |
| 5/20/2008 | Conferred with clients about wage summaries (███, ███, ███, ███, ███); wrote memorandum regarding the same; conferred about K-9 summaries with K-9 officers (███, ███, ███, ███). | 5.00 | 5.00 |
| 5/21/2008 | Conferred with clients (see below) regarding wage summaries; correspondence with them regarding the same. | 9.00 | 9.00 |
| 5/22/2008 | Consultations and correspondence with numerous clients about their wage summaries and other issues surrounding the resolution of the action. | 6.10 | 6.10 |

| 5/23/2008 | Conferred with and correspondence with numerous clients about their wage summaries and other issues related to the resolution of the action. | 5.20 | 5.20 |
|---|---|---|---|
| 5/24/2008 | Conferred and corresponded with clients regarding damage summaries. | 2.00 | 2.00 |
| 5/25/2008 | Conferred with clients about wage summaries. | 1.30 | 1.30 |
| 5/26/2008 | Conferred with clients about wage summaries. | 2.50 | 2.50 |
| 5/27/2008 | Conferred with multiple clients about wage summaries. | 3.50 | 3.50 |
| 5/28/2008 | Conferred with multiple clients regarding wage summaries. | 3.10 | 3.10 |
| 5/29/2008 | Conferred with clients about wage summaries. | 2.40 | 2.40 |
| 5/30/2008 | Conferred with multiple clients regarding wage summaries. | .70 | .70 |
| 5/31/2008 | Conferred with ▮▮▮▮ about ongoing issues, including calculations and releases; conferred and corresponded with clients about damage summaries. | 2.50 | 2.50 |
| 6/1/2008 | Conferred with clients about wage and damage issues; review of documents regarding the same. | .80 | .60 |
| 6/2/2008 | Conferred with clients about their wage summaries; corresponded with them about the same. | 1.70 | 1.70 |

| 6/3/2008 | Conferred with multiple clients about their wage summaries; corresponded with them about the same. | 2.00 | 2.00 |
|---|---|---|---|
| 6/4/2008 | Conferred with multiple clients about their wage summaries. | 1.50 | 1.50 |
| 6/5/2008 | Conferred with multiple clients about their wage summaries. | 4.50 | 4.50 |
| 6/6/2008 | Conferred with clients about their wage summaries; corresponded with them about the same. | 2.00 | 2.00 |
| 6/7/2008 | Conferred with clients about their wage summaries. | 1.30 | 1.30 |
| 6/8/2008 | Conferred with clients about their wage summaries. | 1.20 | 1.20 |
| 6/9/2008 | Conferred with clients about their wage summaries. | 1.50 | 1.50 |
| 6/10/2008 | Conferred with clients about their wage summaries. | .30 | .30 |
| 6/11/2008 | Conferred with clients about wage summaries, releases, payments. | .40 | .40 |
| 6/12/2008 | Conversation with ▮▮▮ regarding pay outs; conversation with opposing counsel regarding payment issues; conferred with clients about wage summaries. | 2.60 | 2.60 |

| 6/16/2008 | Met with ▮▮▮ about K-9 calculations and many errors in K-9 calculations; corresponded and conferred with clients about the same. | 3.20 | 3.20 |
| 6/17/2008 | Conferred with clients about wage summaries. | .40 | .40 |
| 6/18/2008 | Met with ▮▮▮ regarding wage summary; conferred with clients about the same. | 3.50 | 3.50 |
| 6/19/2008 | Conferred with clients about wage summaries; review of K-9 information; conferred with ▮▮▮ about payment processing. | 2.50 | 2.50 |
| 6/20/2008 | Reviewed K-9 information; conferred with K-9 clients about errors in all of their calculations; correspondence to opposing counsel regarding the same; wrote proposed release form. | 4.13 | 3.13 |
| 6/22/2008 | Conferred with ▮▮▮ about wage summary and damages. | .10 | .10 |
| 6/23/2008 | Conferred with ▮▮▮ about release form; reviewed and drafted release; conferred with clients about wage summaries; correspondence to opposing counsel about release; review of academy settlement issues. | 2.30 | 1.30 |
| 6/24/2008 | Conferred with clients about wage summary; conferred with ▮▮▮ about calculations; conferred with opposing counsel about release; reviewed release. | 2.07 | 1.70 |

| 6/25/2008 | Conferred with opposing counsel regarding wage summaries, releases, payments; conferred with clients regarding the same. | .90 | .90 |
|---|---|---|---|
| 6/26/2008 | Conferred with clients about wage summary and differential issues. | .30 | .30 |
| 6/27/2008 | Met with opposing counsel regarding outstanding issues; conferred with █████ about release, payments, and other matters at issue. | 1.80 | 1.80 |
| 6/29/2008 | Conferred with █████ about wage summary and differential issues. | .20 | .20 |
| 6/30/2008 | Conferred with opposing counsel about release and other issues, including K-9 matter; conferred with █████ about ongoing issues; reviewed wage summary and corresponded with clients about the same. | 1.50 | 1.50 |
| 7/1/2008 | Conferred with clients about payments, releases, summaries. | .50 | .50 |
| 7/2/2008 | Conferred with █████ about payments, releases. | .30 | .30 |
| 7/3/2008 | Conferred with █████ about release issues; corresponded and conferred with opposing counsel regarding the same. | .80 | .80 |

| 7/7/2008 | Conferred with clients regarding wage summary; reviewed correspondence from opposing counsel regarding release; reviewed proposed release from Sheriff's Department; research law on language proposed by Sheriff; conferred with ███ about release and system to process signing and payments; conversation with opposing counsel regarding release; review of correspondence from union regarding release and meeting to sign documents. | 4.90 | 2.40 |
| 7/9/2008 | Prepared for meeting with clients about release forms and their wage summaries; correspondence with clients about release forms and summaries; correspondence with clients about K-9 issues; conferred with clients about wage summaries and releases. | 7.00 | 7.00 |
| 7/10/2008 | Prepared for meeting with clients from all shifts; met with clients from all shifts at BTU hall throughout the day; conferred with them about release forms, summaries; conferred with clients about release forms and summaries. | 11.00 | 11.00 |
| 7/12/2008 | Conferred with clients about release forms and summaries; review of the same. | 1.50 | 1.40 |

| 7/15/2008 | Correspondence to all plaintiffs about release forms and ongoing issues; correspondence to opposing counsel regarding the same; conferred with clients about wage summaries and releases; wrote memoranda regarding the same; conferred with multiple clients about their releases and summaries. | 4.70 | 4.70 |
|---|---|---|---|
| 7/18/2008 | Correspondence to opposing counsel regarding outstanding issues; correspondence to all clients regarding the same; conferred with clients about release and differential issues. | 2.10 | 2.10 |
| 7/20/2008 | Conferred with clients regarding wage summaries, differential issue for education and weekend; review of releases. | 1.70 | 1.30 |
| 7/21/2008 | Conferred with opposing counsel about differential issue; conferred with ▆▆▆ about the same; drafted memo regarding issue; draft proposal for dealing with issue; conferred with clients about summaries. | 3.00 | 2.00 |
| 7/22/2008 | Conferred with clients about wage summaries and releases. | .50 | .50 |

| 7/24/2008 | Conferred with opposing counsel regarding proposal to deal with ongoing differential issue, K-9 issues, and nisi period; conferred with ███ regarding the same; correspondence with clients about wage summaries and releases; wrote supplemental agreement. | 3.90 | 3.00 |
|---|---|---|---|
| 7/25/2008 | Conferred with client (███) regarding wage summaries, releases, and payments; wrote supplemental agreement. | .80 | .50 |
| 7/26/2008 | Conferred with client (███) about summary; reviewed the same. | .20 | .20 |
| 7/27/2008 | Conferred with clients about summaries and differential issues; review of summaries regarding the same. | .80 | .80 |
| 7/28/2008 | Conferred with clients about wage summaries, releases, payments; call to opposing counsel regarding the same. | .40 | .40 |
| 7/29/2008 | Conferred with ███ about resolution of differential issues, submission of releases; correspondence to opposing counsel regarding the same; conferred with opposing counsel about settlement of renewed violation; conferred with client (███) about wage summary. | 1.50 | 1.50 |

| 7/30/2008 | Conferred with clients about Release continued violation issue, and unilateral attempt to cure ongoing violation; wrote memo to plaintiffs regarding delay in payments. | 2.40 | 2.40 |
| 7/31/2008 | Conferred with clients about wage summaries, payments, releases, continued violation issues; telephone to opposing counsel regarding the same; wrote memorandum regarding unilateral payments. | 2.30 | 2.00 |
| 8/1/2008 | Conferred with client (███) about payments and ongoing violation issues; telephone to opposing counsel regarding the same. | .60 | .60 |
| 8/4/2008 | Correspondence to all clients about delayed payments, ongoing violations, Sheriff's response to the same; correspondence to opposing counsel regarding ongoing issues with payments; conferred with client about supplemental agreement; conferred with opposing counsel regarding the same; reviewed proposal from opposing counsel on supplemental agreement; advised client regarding the same. | 2.50 | 2.50 |

| 8/5/2008 | Conferred with ███ about supplemental agreement; reviewed releases for submission; correspondence to opposing counsel regarding submission; met with clients about releases and submission; message to opposing counsel regarding submission of releases; conferred with client about submission, time for payment. | 2.40 | 2.40 |
|----------|---|---|---|
| 8/6/2008 | Met with ███ and reviewed his summary; reviewed wage data; reviewed releases; correspondence to opposing counsel regarding the same. | 1.40 | 1.00 |
| 8/7/2008 | Conferred with clients about settlement issues; conferred with opposing counsel regarding the same; review case document for responses. | 1.00 | .80 |
| 8/8/2008 | Conferred with clients about damages. | .10 | .10 |
| 8/9/2008 | Conferred with client (███) about penalties and damages. | .20 | .20 |
| 8/12/2008 | Conferred with K-9 officer (███) about outstanding issues; conferred with client (███) about wage summary and settlement; conferred with ███ about releases, submissions, and payments. | 1.00 | 1.00 |

| 8/13/2008 | Conferred with ▮▮▮ about late payment issue; communication to opposing counsel requesting clarification of same; correspondence to opposing counsel regarding releases. | 1.00 | 1.00 |
|---|---|---|---|
| 8/14/2008 | Conferred with clients regarding wage summary and time for payment. | .30 | .30 |
| 8/15/2008 | Conferred with client (▮▮▮▮), about summary; wrote notice for court regarding enlargement for review period; conversation with clerk about status; correspondence to opposing counsel regarding the same; drafted notice of change of address; wrote memo on update of status. | .90 | .90 |
| 8/18/2008 | Wrote memo to all plaintiffs about enlargement of review period, status of payments. | 1.00 | 1.00 |
| 8/19/2008 | Conferred with client about case status; review of wage summary. | .50 | .50 |
| 8/20/2008 | Conferred with clients about wage summaries and payments. | .40 | .40 |
| 8/21/2008 | Conferred with client (▮▮▮▮) about wage summaries, releases, payments. | .30 | .30 |

| | | | |
|---|---|---|---|
| 8/22/2008 | Conferred with clients about payments; reviewed releases; prepared submission of releases for Sheriff; conferred with opposing counsel about submission of releases. | 2.10 | 1.50 |
| 8/23/2008 | Conferred with ▇▇▇ about payments. | .10 | .10 |
| 8/24/2008 | Conferred with clients about damage summaries and payments; conferred with K-9 officers regarding the same; conferred with Brad Louison (JOSAC attorney) about resolution. | .70 | .50[10] |
| 8/25/2008 | Conferred with clients about releases and payments; correspondence to opposing counsel regarding the same. | 1.30 | 1.30 |
| 8/26/2008 | Conferred with (▇▇▇) about releases and summaries; review of payments, releases not filed. | 1.00 | .50 |
| 8/29/2008 | Met with K-9 officer about negotiation status; correspondence to opposing counsel regarding settlements; conferred with clients about releases and summaries. | 1.50 | 1.50 |
| 9/2/2008 | Conferred with ▇▇▇ about differentials and damages. | .10 | .10 |
| 9/3/2008 | Conferred with clients about wage summaries; review of releases. | .70 | .50 |

---

[10] As apportioned and deducted <u>supra</u> in Part II.C.1.

| 9/4/2008 | Met with client about wage summary; correspondence with opposing counsel about releases; conferred with clients (█████) about the same. | 2.50 | 2.50 |
|---|---|---|---|
| 9/7/2008 | Conferred with clients about education differential, payments (█████, █████). | .20 | .20 |
| 9/8/2008 | Conferred with opposing counsel regarding case issues. | .10 | .10 |
| 9/9/2008 | Conferred with client (█████) about payment. | .10 | .10 |
| 9/10/2008 | Conferred with clients (█████) about summary of hours issue; conferred with opposing counsel about plaintiffs; review of settlement agreements. | .70 | .50 |
| 9/11/2008 | Conferred with K-9 officer about settlement dispute. | .20 | .20 |
| 9/12/2008 | Conferred with clients about payment disputes, differential pay. | .40 | .40 |
| 9/15/2008 | Conferred with opposing counsel about plaintiffs. | .10 | .10 |
| 9/17/2008 | Conferred with K-9 officer about settlement issues; K-9 dispute. | .50 | .50 |
| 9/18/2008 | Telephone to opposing counsel; review of correspondence relating to calculations. | .20 | .10 |

| | | | |
|---|---|---|---|
| 9/19/2008 | Review of releases; conferred with opposing counsel regarding K-9 portion and other matters; correspondence with K-9 clients regarding the same; correspondence with ██ on ongoing issues; conferred with other client ██ about the same issue. | 2.20 | 2.20 |
| 9/23/2008 | Conferred with K-9 officer about settlement dispute, conferred with client (██) about education differential, continued violation. | .40 | .40 |
| 9/29/2008 | Conferred with clients about calculation issues. | .30 | .30 |
| 9/30/2008 | Conferred with ██ about consent list; conferred with opposing counsel about consent issue; review documents regarding the same. | .90 | .90 |
| 10/2/2008 | Met with members of Union Executive Board about summaries; reviewed release; cover letter to Sheriff regarding the same. | 2.50 | 2.50 |
| 10/9/2008 | Conferred with ██ about calculation dispute. | .10 | .10 |
| 10/10/2008 | Conferred with ██, about his wage summary; reviewed release form; submitted same to Sheriff; telephone to opposing counsel regarding settlement issues. | 1.50 | 1.50 |

| | | | |
|---|---|---|---|
| 10/11/2008 | Conferred with ███ about consent issue; strategized about the same. | .40 | .20 |
| 10/14/2008 | Conferred with client, ███, about his summary. | .30 | .30 |
| 10/15/2008 | Met with client (███) about wage summary; reviewed release with her; correspondence to opposing counsel about the same. | 1.00 | 1.00 |
| 10/17/2008 | Conversation with K-9 officer about delay in settlement; correspondence to him about the same. | .40 | .40 |
| 10/20/2008 | Correspondence with client about Sheriff's continued failure to address outstanding issues, including K-9 case and provide information about employees not yet paid. | .30 | .30 |
| 10/29/2008 | Met with ███ about wage summary. | 1.00 | 1.00 |
| 10/31/2008 | Conferred with K-9 officer about payment dispute; conferred with opposing counsel regarding the same. | .20 | .20 |
| 11/3/2008 | Conferred with client about release and wage summary; review of court order regarding case. | .50 | .20 |
| 11/6/2008 | Conferred with opposing counsel regarding K-9 issue, review period; reviewed releases and transmitted same to opposing counsel. | .50 | .40 |
| 11/10/2008 | Called clerk about extending date for review. | .10 | .10 |

| 11/13/2008 | Correspondence with ███ about K-9 issue; conferred with K-9 officers about the same. | .20 | .20 |
|---|---|---|---|
| 11/14/2008 | Correspondence to opposing counsel regarding failure to address K-9 issue; conferred with K-9 officers about the same. | .60 | .60 |
| 11/19/2008 | Conferred with K-9 officer ███ about damage issues; review of damages regarding the same. | .30 | .30 |
| 11/20/2008 | Conferred with client about superior officers' calculations. | .20 | .20 |
| 11/21/2008 | Reviewed summary with client, ███. | 1.00 | 1.00 |
| 11/24/2008 | Met with K-9 officers about continued delays and failure to correct errors in calculations; strategized about the same. | 2.00 | 1.50 |
| 11/25/2008 | Conferred with opposing counsel about court conference, ongoing K-9 damage issues. | .40 | .40 |
| 12/2/2008 | Conferred with opposing counsel about K-9 issues and related matters. | .30 | .30 |
| 12/3/2008 | Review of K-9 related documents; correspondence to opposing counsel regarding K-9 issues; conferred with K-9 officers regarding the same. | 1.50 | 1.00 |
| 12/10/2008 | Conferred with opposing counsel about K-9 issues. | .10 | .10 |

| | | | |
|---|---|---|---|
| 12/11/2008 | Conferred with ▓ about damage issue. | .20 | .20 |
| 12/15/2008 | Conferred with ▓ about K-9 damage issue. | .10 | .10 |
| 12/17/2008 | Correspondence to opposing counsel regarding K-9 damage issue; conferred with ▓ regarding the same. | .20 | .20 |
| 12/19/2008 | Conferred with ▓ about payment and calculation disputes. | .20 | .20 |
| 12/22/2008 | Conferred with ▓ about K-9 nonpayment; wrote request for status conference; conferred with opposing counsel about the same. | 1.20 | .60 |
| 12/23/2008 | Conferred with opposing counsel about delays in K-9 settlement; correspondence regarding the same; conferred with K-9 officers about settlement issues. | 1.00 | 1.00 |
| 1/5/2009 | Conferred with ▓ regarding damages. | .10 | .10 |
| 1/7/2009 | Conferred with opposing counsel regarding damages issues; conferred with ▓ about the same. | .20 | .20 |
| 1/8/2009 | Conferred with K-9 officers about K-9 payments; conferred with opposing counsel regarding same; correspondence to clients about status; review of wage summary and release. | 1.10 | 1.10 |

| 1/12/2009 | Conferred with ▮▮▮ about payment issues. | .30 | .30 |
|---|---|---|---|
| 1/13/2009 | Conferred with K-9 officers about partial payments; concerns about unilateral payment, and correspondence with Sheriff's attorney; conferred with officers about damage issues. | .50 | .50 |
| 1/16/2009 | Conferred with K-9 officers about payments made, and impact on settlement agreement, and about status conference. | .90 | .90 |
| 1/20/2009 | Attended local union meetings on status of case, upcoming conference. | 2.20 | 2.20 |
| 1/22/2009 | Conferred with client (▮▮▮) about waiver of rights. | .20 | .20 |
| 1/23/2009 | Conferred with opposing counsel about K-9 damage issue and continued errors in calculations; reviewed spreadsheets regarding same; conferred with ▮▮▮ about damages; wrote status memo. | 1.70 | 1.50 |
| 1/26/2009 | Conferred with ▮▮▮ and ▮▮▮ about status conference and outstanding payment issues; conferred with opposing counsel regarding the same; wrote memorandum regarding issues; conferred with clerk regarding issue; corresponded with K-9 clients about issues; reviewed order on motion to enlarge. | 2.20 | 1.60 |

| | | | |
|---|---|---|---|
| 1/27/2009 | Telephone to opposing counsel regarding case; conferred with ███ regarding the same. | .50 | .50 |
| 1/29/2009 | Correspondence with K-9 officers about wage summary issues; conferred with officer regarding the same. | 2.30 | 2.30 |
| 1/30/2009 | Conferred with ███ about K-9 calculations. | .40 | .40 |
| 2/2/2009 | Met with K-9 officers about calculations. | 2.00 | 2.00 |
| 2/3/2009 | Conferred with ███ about payments, case status, possible continued violations. | .40 | .40 |
| 2/4/2009 | Telephone from ███ regarding payments. | .10 | .10 |
| 2/5/2009 | Conferred with opposing counsel about summaries; review of payment records; conferred with ███ regarding the same, and ongoing issues; telephone to opposing counsel. | .70 | .70 |
| 2/9/2009 | Conferred with K-9 officer about calculation and settlement dispute; continued errors made in calculations. | .70 | .70 |
| 2/23/2009 | Correspondence to opposing counsel about K-9 calculations; conferred with ███ about calculation errors; prepared and reviewed spreadsheets regarding the same. | 2.80 | 1.80 |

| 2/24/2009 | Reviewed calculation of K-9 officer, ███, and his correspondence regarding the same. | .40 | .40 |
|---|---|---|---|
| 3/3/2009 | Conferred with Gary ████ about calculation dispute; reviewed summary; correspondence to opposing counsel regarding the same. | .40 | .30 |
| 3/4/2009 | Conferred with K-9 officers (████) about payment dispute; conferred with ███ about calculation issue. | .40 | .40 |
| 3/5/2009 | Conferred with K-9 officer (███) regarding calculation and settlement issues. | .40 | .40 |
| 3/6/2009 | Conferred with K-9 officer (███) regarding calculation issues; telephone to opposing counsel regarding the same. | .30 | .30 |
| 3/7/2009 | Conferred with officer (███) regarding calculation issues. | .30 | .30 |
| 3/17/2009 | Conferred with K-9 officers (███) about payment error controversy. | .40 | .40 |
| 3/18/2009 | Met with ███ about K-9 issues; met with opposing counsel about the same, and other outstanding issues; review of documents and summaries to support amended payments; conferred with ███ about payment issues. | 2.50 | 2.00 |

| | | | |
|---|---|---|---|
| 3/24/2009 | Conferred with K-9 officer (████) about calculation issues. | .20 | .20 |
| 3/25/2009 | Conferred with K-9 officer ████ about calculations. | .30 | .30 |
| 3/26/2009 | Conferred with ████ about K-9 settlement issues; conferred with him about differentials. | .40 | .40 |
| 4/1/2009 | Conferred with K-9 plaintiffs about calculation error dispute; communications to Sheriff's Department about same. | .70 | .70 |
| 4/2/2009 | Conferred with K-9 clients regarding K-9 dispute. | .10 | .10 |
| 4/3/2009 | Conferred with ████ about differentials and underpayments; conferred with K-9 officer about payments; telephone to Defendant regarding the same. | .70 | .70 |
| 4/6/2009 | Conferred with ████ regarding differentials. | .20 | .20 |
| 4/7/2009 | Telephone to Sheriff regarding K-9 issue; conferred with K-9 clients regarding the same. | .40 | .40 |
| 4/8/2009 | Conferred with K-9 clients regarding K-9 issues; telephone to opposing counsel regarding the same. | .50 | .50 |
| 4/9/2009 | Conferred with ████ about K-9 payments. | .40 | .40 |

| 4/10/2009 | Correspondence with (████) about payments and calculation controversy; correspondence to opposing counsel regarding the same; conferred with K-9 clients regarding the same and case status. | 1.30 | 1.30 |
|-----------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
| 4/14/2009 | Conferred with K-9 officer (████) about settlement issues. | .30 | .30 |
| 4/16/2009 | Correspondence to opposing counsel regarding K-9 issues; correspondence to ████ regarding the same. | .50 | .50 |
| 4/17/2009 | Conferred with ████ regarding case. | .20 | .20 |
| 4/18/2009 | Conferred with ████ about non-payment issue; conferred with opposing counsel regarding the same. | .40 | .40 |
| 4/22/2009 | Conferred with ████ about settlement and ongoing dispute over payments; conferred with opposing counsel regarding the same; conferred with counsel regarding settlement and fee petition; conferred with clerk's office about order and request to extend. | .90 | .60[11] |
| 4/28/2009 | Conferred with ████ about payment status. | .10 | .10 |

---

[11] As apportioned and deducted _infra_ in Part II.C.3.

40

| 5/4/2009 | Conferred with opposing counsel regarding settlement period expansion due to K-9 issue. | .20 | .20 |
|----------|------|-----|-----|
| 5/6/2009 | Conferred with K-9 officers about payment and calculation dispute; conferred with opposing counsel regarding the same. | .50 | .50 |
| 5/7/2009 | Drafted request for enlargement due to K-9 ongoing issues; filed same with court; conferred with them regarding the same. | .60 | .60 |
| 5/13/2009 | Correspondence with opposing counsel regarding K-9 payments; correspondence with K-9 officers (█████) regarding the same; review of summaries and their comments about the same. | 1.20 | 1.20 |
| 5/18/2009 | Communications with ████ about calculation error; review of documents regarding the same; correspondence with opposing counsel regarding the same; conferred with ███, and ███ about payments. | .90 | .90 |
| 5/19/2009 | Conferred with counsel regarding fee petition; review of documents regarding the same. | .50 | .00[12] |
| 6/8/2009 | Conferred with ████ about payment status. | .10 | .10 |

---

[12] As apportioned and deducted _infra_ in Part II.C.3.

| 6/16/2009 | Reviewed correspondence from opposing counsel regarding PWC calculations; review of calculations. | .40 | .00 |
| 6/17/2009 | Conferred with client about payment status. | .10 | .10 |
| 6/22/2009 | Conferred with ▮ about plaintiff status. | .10 | .10 |
| 7/12/2009 | Conferred with ▮ about K-9 payment. | .10 | .10 |
| 7/13/2009 | Conferred with ▮ about payment status. | .10 | .10 |
| 7/25/2009 | Conferred with ▮ about payment status. | .10 | .10 |
| 7/27/2009 | Conferred with ▮ about payment status. | .10 | .10 |
| 8/17/2009 | Conferred with JOSAC attorney (Louison) about case status, areas of mutual concern. | .20 | .00[13] |
| 8/18/2009 | Conferred with ▮ about union meeting regarding payments and ongoing violations. | .20 | .20 |
| 9/14/2009 | Conferred with ▮ and ▮ about unpaid class members; review of records showing the same; conferred with opposing counsel regarding the same. | 2.00 | 2.00 |
| 9/24/2009 | Reviewed correspondence from Sheriff's Department Personnel Director about payment issues. | .10 | .10 |

---

[13] As apportioned and deducted <u>supra</u> in Part II.C.1.

| | | | |
|---|---|---|---|
| 9/28/2009 | Corresponded with clients regarding unclaimed monies; review of documents regarding the same. | 1.50 | 1.30 |
| 9/29/2009 | Reviewed summaries and release forms for transmission to clients not yet paid; correspondence to opposing counsel with release of client; conferred with Jail union attorney (Louison) about related case, release in light of apparent continued violation. | 1.50 | 1.30[14] |
| 9/30/2009 | Conferred with client about wage summary. | .30 | .30 |
| 10/3/2009 | Conferred with JOSAC attorney about case; conferred with Scott Walker about case resolution. | .20 | .10[15] |
| 10/5/2009 | Review of releases; preparation of transmittal of releases to opposing counsel; correspondence with him regarding the same. | .60 | .30 |
| 10/6/2009 | Review of releases; preparation of transmittal of releases to opposing counsel; correspondence with him regarding same; conferred with ██████ about payment status. | .50 | .20 |

---

[14] As apportioned and deducted <u>supra</u> in Part II.C.1.

[15] As apportioned and deducted <u>supra</u> in Part II.C.1.

43

| | | | |
|---|---|---|---|
| 10/8/2009 | Preparation for meeting with JOSAC attorney (Louison) for case settlement issues; review of documents regarding the same; correspondence with him about settlement issues, continuing violations; conferred with client ( ▮▮▮ ) about payment status. | 2.10 | .10[16] |
| 10/13/2009 | Reviewed settlement agreements; correspondence to opposing counsel regarding the same. | .30 | .30 |
| 10/14/2009 | Reviewed settlement documents and case status; filed enlargement; conferred with opposing counsel regarding the same; attended meeting of union officials regarding status. | 1.90 | 1.00 |
| 10/15/2009 | Conferred with ▮▮▮ about payment status. | .10 | .10 |
| 10/19/2009 | Conferred with Sheriff's Department about client payment; conferred with Peter Moccio about outstanding money owed plaintiffs. | .20 | .20 |
| 10/20/2009 | Conferred with Department about remaining employees; reviewed information regarding the same. | .30 | .20 |
| 10/28/2009 | Conferred with client about payment status. | .10 | .10 |

---

[16] As apportioned and deducted <u>supra</u> in Part II.C.1.

| | | | |
|---|---|---|---|
| 10/30/2009 | Conferred with ▮ about payment status; conferred with opposing counsel about unilateral payments made to cover continuing violation. | .20 | .20 |
| 11/2/2009 | Conferred with ▮ about release form. | .20 | .20 |
| 11/3/2009 | Conferred with ▮ about latest payments, inquiry about formula Sheriff is using to pay for differentials. | .30 | .30 |
| 11/4/2009 | Reviewed documents for fee petition; reviewed releases; correspondence to opposing counsel; conferred with ▮ and ▮ about plaintiffs not able to locate; correspondence to opposing counsel about remaining plaintiffs. | 2.75 | 1.00[17] |
| 11/5/2009 | Conferred with ▮ about calculation summary and release; review of the same; review and coordinate case information for closeout of matter. | 1.80 | .80 |
| 11/9/2009 | Conferred with ▮ about payments to remaining plaintiffs. | .20 | .20 |
| 11/13/2009 | Conferred with ▮ about back pay issue impacting plaintiff. | .20 | .20 |
| 11/16/2009 | Conferred with plaintiff about wage payment. | .10 | .10 |

---

[17] As apportioned and deducted _infra_ in Part II.C.3.

| | | | |
|---|---|---|---|
| 11/27/2009 | Review release and transmit to Sheriff. | .10 | .10 |
| 12/29/2009 | Conferred with client about his settlement agreement. | .20 | .20 |
| 1/5/2010 | Conferred with Department and ██ about outstanding payments. | .30 | .30 |
| 1/6/2010 | Conferred with ██ about non-payment issues; communication to Department about release submitted. | .50 | .50 |
| 1/9/2010 | Conferred with ██ about summary issues, including outstanding payments due. | .30 | .30 |
| 1/11/2010 | Conferred with ██ about release; review of outstanding payment issues. | .50 | .30 |
| 1/15/2010 | Review order on motion to enlarge; communication to opposing counsel request conference to narrow dispute. | .10 | .10 |
| 1/28/2010 | Conferred with counsel in related action about contempt request against Sheriff's Department for failure to pay settlements. | .40 | .00[18] |
| 1/29/2010 | Conferred with opposing counsel in response to request for issue narrowing under Rule 7, and other matters. | .50 | .00[19] |

---

[18] As apportioned and deducted _supra_ in Part II.C.1.

[19] As apportioned and deducted _infra_ in Part II.C.3.

| | | | |
|---|---|---|---|
| 2/1/2010 | Conferred with Department about payment issue impacting class member. | .10 | .10 |
| 2/6/2010 | Review recent order supporting fee petition; conferred with opposing counsel regarding the same in effort to narrow dispute over fee petition. | .40 | .00[20] |
| 3/1/2010 | Conferred with opposing counsel about case status, including attempt to narrow fee petition issues. | .20 | .00[21] |
| 3/3/2010 | Conferred with ███ about non-payment; notified opposing counsel of the same; correspondence from Bill Sweeney about reason for non-payments, conferred with opposing counsel regarding the same. | .60 | .60 |
| 3/25/2010 | Correspondence to opposing counsel regarding payment and compliance issues. | .20 | .20 |
| 3/26/2010 | Conferred with ███ about his release. | .20 | .20 |
| 4/1/2010 | Conferred with opposing counsel about compliance issues, attempt to narrow outstanding issues. | .20 | .20 |

---

[20] As apportioned and deducted <u>infra</u> in Part II.C.3.

[21] As apportioned and deducted <u>infra</u> in Part II.C.3.

| 4/2/2010 | Conferred with opposing counsel about spreadsheets relating to compliance issues, and Commonwealth's payment of settlements; conferred with class representatives regarding the same. | .40 | .40 |
|----------|----------------------------------------------------------------------------------|------|------|
| 4/4/2010 | Correspondences to opposing counsel about spreadsheets relating to compliance issues; follow up with class representatives regarding the same. | .20 | .20 |
| 4/7/2010 | Reviewed settlement agreement; transmitted the same to opposing counsel. | .10 | .10 |
| Total | | 278.65 | 244.93 |

### 3.   Petition for Attorneys' Fees

Finally, Suffolk contends that the Officers' should not be entitled to recover fees for Rice's hours spent preparing the Petition for Attorneys' Fees.  Opp'n Pls.' Pet. Att'ys' Fees 5-6. The First Circuit consistently has held that "time reasonably expended in connection with fee applications is itself compensable," Brewster v. Dukakis, 3 F.3d 488, 494 (1st Cir. 1993), however the Court will exercise its discretion to ensure that such an award is fair and reasonable.  This Court views the reasonableness of the hours expended in preparing a fee petition in light of the fact that such preparation "often amounts to little more than 'documenting what a lawyer did and why he or she did it.'"  Brewster, 3 F.3d at 494 (quoting Gabriele v.

48

Southworth, 712 F.2d 1505, 1507 (1st Cir. 1983)).  Rice submits

that he expended a total of 45.85 hours preparing the fee

petition, as shown in the table provided below.[22]  See generally

Pls.' Pet. Att'ys' Fees Ex. 5.  Given the fact that Rice purports

contemporaneously to have recorded the billing records, 45.85

hours is excessive and must be reduced to 35 hours.  Thus, 10.85

hours must be subtracted from the total number of hours Rice

expended on this matter.

Table 3: Hours Expended Preparing for Fee Petition

| Date | Description | Hours Reported | Fee Hours |
|------|-------------|----------------|-----------|
| 4/22/2009 | Conferred with ▇ about settlement and ongoing dispute over payments; conferred with opposing counsel regarding the same; conferred with counsel regarding settlement and fee petition; conferred with clerk's office about order and request to extend. | .90 | .30 |
| 5/19/2009 | Conferred with counsel regarding fee petition; review of documents regarding the same. | .50 | .50 |

---

[22] This table represents the Court's determination of the
number of hours devoted to preparation of the petition for fees.
Due to block billing, again, the Court had to exercise its sound
judgment in so deciphering.

| 11/4/2009 | Reviewed documents for fee petition; reviewed releases; correspondence to opposing counsel; conferred with ███ and ███ about plaintiffs not able to locate; correspondence to opposing counsel about remaining plaintiffs. | 2.75 | 1.75 |
|---|---|---|---|
| 11/6/2009 | Researched law on fee award in FLSA actions. | 1.00 | 1.00 |
| 11/11/2009 | Researched law for fee petition; reviewed settlement agreements for transmittal to Sheriff; conferred with opposing counsel about case status. | 2.30 | 1.50 |
| 11/30/2009 | Draft/revised fee petition. | 6.50 | 6.50 |
| 12/1/2009 | Draft/revised fee petition; research law on issues related to the same. | 3.90 | 3.90 |
| 12/2/2009 | Draft/revised fee petition. | 5.00 | 5.00 |
| 12/3/2009 | Draft/revised fee petition. | 1.00 | 1.00 |
| 12/5/2009 | Draft/revised fee petition. | .70 | .70 |
| 12/6/2009 | Draft/revised fee petition. | .80 | .80 |
| 12/7/2009 | Draft/revised fee petition. | 3.60 | 3.60 |
| 12/8/2009 | Draft/revised fee petition. | 3.00 | 3.00 |
| 12/9/2009 | Draft/revise fee petition; conferred with ███ about payment summary dispute. | 2.40 | 2.30 |
| 12/15/2009 | Draft/revised fee petition; researched law on awards in other FLSA cases. | 3.00 | 3.00 |
| 12/16/2009 | Review/analyze and revised fee petition. | 2.80 | 2.80 |

| 1/25/2010 | Review/analyzed fee awards for amendments to draft of fee petition. | 1.60 | 1.60 |
|---|---|---|---|
| 1/29/2010 | Conferred with opposing counsel about delays in response to request for narrowing under Rule 7, and other matters. | .50 | .50 |
| 2/3/2010 | Drafted and revised fee petition. | 2.50 | 2.50 |
| 2/5/2010 | Draft/revise fee petition. | 3.00 | 3.00 |
| 2/6/2010 | Review recent order supporting fee petition; conferred with opposing counsel regarding the same in effort to narrow dispute over fee petition. | .40 | .40 |
| 3/1/2010 | Conferred with opposing counsel about case status, including attempt to narrow fee petition issues. | .20 | .20 |
| Total | | 48.35 | 45.85 |

Accordingly, this Court concludes that the reasonable hours extended by Rice in this matter, after taking into account the above deductions (5.30 for unrelated communications, 48.986 for excessive post-settlement communications, and 10.85 for the fee petition), total 1,113.434 hours.

Suffolk did not dispute the reasonableness of the number of hours expended by Decker or Delaney.  As a result, this Court finds that Decker's purported 6.10 hours and Delaney's purported 31 hours are reasonable.

**D.  Adjustment of Lodestar Calculation**

It is within the Court's discretion to adjust the lodestar figure.  See Hensley, 461 U.S. at 434.  In exercising such discretion, the results obtained are the "preeminent consideration."  Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 338 (1st Cir. 1997).  Determining the nature of the rights obtained includes an analysis of: "(1) a plaintiff's success claim by claim; (2) the relief actually obtained; and (3) the societal importance of the right which has been vindicated." Mogilevsky, 311 F. Supp. 2d at 221 (quoting Coutin, 129 F.3d at 338) (internal quotations omitted).

The Officers contend they achieved the most favorable results attainable under the FLSA and that such results serve an important public interest and that the Officers should, therefore, recover fees accordingly.  Pls.' Pet. Att'ys' Fees 5, 17.  The Court does not dispute that the Officers' received a favorable settlement agreement furthering FLSA's important societal interests, however this Court concludes that the lodestar sufficiently compensates the parties and equally serves society's interests.  See Mogilevksy, 311 F. Supp. 2d at 221 (the rights the FLSA protects are of "substantial importance"). Enhancement of the lodestar is rare and the Officers have failed to overcome the strong presumption favoring its reasonableness. Lipsett, 975 F.2d at 942 ("The [enhancement] exception is a tiny one – and we will not permit it to eclipse the rule.").

Accordingly, this Court awards the Officers a fee equal to the lodestar calculation, as shown below, without further adjustment.

### E.   Total Lodestar Calculation

The total lodestar calculation is as follows:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Daniel W. Rice | 1,113.434 hours | $350/hour | $389,701.90 |
| Bryan C. Decker | 6.10 hours | $350/hour | $2,135.00 |
| Darlene Delaney | 31.00 hours | $50/hour | $1,550.00 |
| Total | | | $393,386.90 |

### F.   Costs

In addition to the lodestar calculation, this Court must determine the costs awarded to the Officers.  The Officers requested, and Suffolk did not dispute, an award of $1,418.76. Pls.' Pet. Att'ys' Fees 19; see Opp'n Pls.' Pet. Att'ys' Fees. This Court, thus, awards the Officers $1,418.76 in costs.

## III. CONCLUSION

Accordingly, the Officers' Petition for Attorneys' Fees and Costs, ECF No. 127 is ALLOWED.  The total award for fees and costs equals $394,805.66.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
DISTRICT JUDGE